PRENTICE *v.* CORNFIELD WHEEL CO.

1. APPEAL AND ERROR—ERRONEOUS INSTRUCTIONS NOT PREJUDICIAL WHERE NOT MISLEADING.

   In an action for commissions for the sale of corporate stock, where plaintiff had been selling under a contract, and there is no dispute that defendant sent plaintiff a letter canceling the contract, the fact that the trial judge, in his instructions to the jury, referred to the letter as an attempted cancellation of the contract, if erroneous, *held*, not prejudicial, since the jury could not have been misled thereby.

2. TRIAL—REFUSAL OF REQUESTS COVERED BY GENERAL CHARGE.
   There was no error in refusing requests to charge which were fully covered by the general charge.

3. NEW TRIAL—EVIDENCE—GREAT WEIGHT OF EVIDENCE.
   Although plaintiff was the only witness testifying that the original contract was subsequently modified by agreement, which was the chief issue in the case, and was directly contradicted by defendant's witnesses, it cannot be said that the verdict for plaintiff was against the great weight of the evidence, and the trial court properly refused to set it aside for said reason.

Error to Wayne; Hunt (Ormond F.), J. Submitted January 31, 1923. (Docket No. 78.) Decided March 22, 1923.

Assumpsit by Alexander N. Prentice against the Cornfield Wheel Company for commissions under a contract for the sale of corporate stock. Judgment for plaintiff. Defendant brings error. Affirmed.

*Anthony Maiullo* (*Harry J. Connine,* of counsel), for appellant.

*George B. Murphy,* for appellee.

BIRD, J.   Defendant corporation was formed to manufacture and market an automobile wheel, with an authorized capital of $500,000.   It was authorized by the Michigan securities commission to sell $227,900 of the authorized capital.   On January 3, 1919, defendant made a written contract with plaintiff to sell $220,000 of the stock at a commission of 20 per cent. The contract provided that plaintiff should sell a certain number of shares each month.   For the months of January, February and March his sales were in excess of the contract provision.   For the months of April, May and June they were somewhat behind.   On July 21st defendant, by letter, canceled the contract, and gave as a reason therefor that the sales were not being made fast enough.

It is claimed by plaintiff that in the latter days of June he had an agreement with defendant modifying certain terms of the contract relating to the time in which the stock should be sold, the amount to be sold each month and to his sales headquarters.   Plaintiff continued to sell under the contract as modified until defendant refused to co-operate with him, which made it impossible for him to continue making sales.   Up to the 30th day of August, when he quit, he had sold stock to the amount of $123,410.   This suit was brought to recover his commission on the unsold portion of the $220,000.   A jury awarded him a verdict of $10,346.84.

1. The trial court, referring to defendant's letter of cancellation, used the following language to the jury:

"On or about July 21st, defendant sent a letter. You have heard that read in evidence and commented upon at length, and the purport of it is that the defendant attempted to cancel this contract by that letter."

The point made is that defendant did cancel the contract by letter, and the language of the court that

defendant *attempted* to cancel it was an improper statement of the fact. We do not regard this as very important. There was no question about the letter of cancellation being sent. That was not a controverted fact in the trial, and the reference to it as an attempt to cancel the contract could work no injury to the defendant. Had there been a question whether the letter was sent or received the court's language would then have been more significant.

2. Defendant assigns error on the refusal of the court to give the following requests:

"(*a*) I charge you that before the plaintiff is entitled to recovery in this case that he must show one of two things: *First*, that there was a new agreement between the parties in reference to the written contract made in parol on or about the first day of July, 1919, abrogating and changing the terms of the written contract; or, *second*, that there was a waiver by the defendant company of their rights to insist upon the strict performance of their terms of the contract.

"(*b*) I charge you that the only testimony in the case in regard to a change in the terms of the contract between the parties is the testimony of the plaintiff, Mr. Prentice. This alleged claim is denied by the witnesses for the defendant, and it is for you to determine from the testimony of these witnesses whether or not any subsequent agreement or understanding was made between the parties in reference to the time of performance."

These requests were not given in the language of the requests, but were very fully covered by the general charge. The court expressly charged the jury that the plaintiff could not recover on his contract unless they were first convinced from the testimony that there was a modification of it, or unless defendant agreed to waive certain provisions of the contract, and unless they so found they were instructed to render a verdict for the defendant. The court

elaborated his instructions along this line to a considerable extent.    We think there was no opportunity for the jury to have been misled on this question.

Complaint is also made because the trial court refused to give other requests.    These have been examined with reference to the charge and we are of the opinion that these are also covered by the general charge, so far as they are material.

3. The question is raised that the verdict is against the great weight of the testimony.    There was not much dispute about the facts.    The issues were simple and not complicated.    The chief issue was whether the contract had been modified by agreement of the parties in July.    Plaintiff was the only witness to the fact that it had been modified.    Certain of defendant's agents with whom he dealt denied it was modified, except in one particular.    Plaintiff's evidence was in direct conflict with defendant's agents on this phase of the case.    Evidently, from all the attendant circumstances, the jury believed the plaintiff, and we do not think they are subject to criticism for the conclusion which they reached.    We think the trial court was right in refusing to set aside the verdict because against the great weight of the evidence.

The judgment is affirmed.

WIEST, C. J., and FELLOWS, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.    MCDONALD, J., did not sit.