MOLDA v. CLARK.

NEGLIGENCE—MOTOR VEHICLES—CONTRIBUTORY NEGLIGENCE.

A pedestrian crossing a city street, who was struck and injured by an automobile, which, had she looked, using ordinary care, she could and must have seen, was guilty of contributory negligence as a matter of law, barring her right to recovery, even if the driver of the automobile was guilty of negligence.[1]

Error to Ingham; Collingwood (Charles B.), J. Submitted June 16, 1926. (Docket No. 137.) Decided October 4, 1926.

Case by Mary Molda against Arthur E. Clark and another for personal injuries. Judgment for plaintiff. Defendants bring error. Reversed, and no new trial ordered.

*Brown & Kelley,* for appellants.

*Paul G. Eger,* for appellee.

CLARK, J. At the intersection of Washington and Michigan avenues, in Lansing, plaintiff, a pedestrian, was struck and injured by an automobile owned by defendant Michigan Employers Casualty Company and used by an employee, Clark, the other defendant, who, though riding in the car, permitted his son to drive. It was evening. The place was well lighted. The pavements were wet. A traffic tower stood in the center of the intersection showing alternately to both streets a red and a green light. The signal was against traffic on Washington. But, despite the signal, right turns were permitted. Clark drove the car north on Washington intending to make a right turn to the east into Michigan. He was familiar with

[1] Municipal Corporations, 28 Cyc. p. 914; 38 L. R. A. (N. S.) 491; 42 L. R. A. (N. S.) 1183; 51 L. R. A. (N. S.) 1000; 2 R. C. L. 1186; 1 R. C. L. Supp. 724; 4 R. C. L. Supp. 148; 5 R. C. L. Supp. 135.

the place and knew the traffic rules. The car had proper lights. As he approached the intersection and that portion of the street used by pedestrians in crossing, he reduced speed to about five to eight miles an hour, and, as he intended to make a right turn into Michigan, he guided the car, properly, to the right and along the east side of Washington, and near the curb. When he saw plaintiff, who was crossing Washington from west to east, about to pass in front of his car, he at once applied brakes. The car stopped within about three or four feet. Her important injury was caused by the fall to the pavement. After plaintiff, going east, crossed the center of Washington, she passed, first, according to some of the witnesses, a standing street car, next she passed the loading platform, and then an automobile headed north, held by the traffic signal. Between the standing automobile and the curb was the space into which defendants' car was being driven. When plaintiff passed the standing automobile defendants' moving car was within a few feet of her. She testified of looking and of not seeing the approaching car. Plaintiff had verdict and judgment. Defendants bring error.

The rights of the parties to use the street were mutual and co-ordinate. Neither had superior rights. Assuming negligence of defendants, plaintiff was guilty of contributory negligence as a matter of law. That she testified of looking and seeing nothing is of no avail when the physical facts demonstrate that, had she looked, using ordinary care, she could and must have seen defendants' approaching car, and had she so looked, and so used ordinary care, she could have avoided injury. *Jones* v. *Armstrong*, 231 Mich. 637; *Molby* v. *Railway*, 221 Mich. 419.

Judgment reversed without new trial. Costs to defendants.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.