FRANKS *v.* WOODWARD.

MOTOR VEHICLES—CONTRIBUTORY NEGLIGENCE.

Where, in action by boy 10 years and 10 months of age for injuries inflicted when he was struck by defendants' automobile, evidence shows that, had he looked before attempting to cross highway in front of defendants' car, he would have seen it approaching only 12 to 20 feet away, he was guilty of contributory negligence, precluding recovery notwithstanding negligence of defendants.

Appeal from Alger; Runnels (Herbert W.), J. Submitted April 6, 1932. (Docket No. 29, Calendar No. 36,310.) Decided June 6, 1932.

Case by Lawrence Franks, by next friend, against James Woodward and another for personal injuries

As to negligence of child running in front of automobile, see 26 L. R. A. (N. S.) 435.

On failure of pedestrian to look before crossing street as contributory negligence, see annotation in 14 A. L. R. 1189.

received when hit by defendants' automobile. Judgment *non obstante veredicto* for defendants. Plaintiff appeals. Affirmed.

*C. W. Coates (Roberts P. Hudson,* of counsel), for plaintiff.

*L. J. Carey* and *George J. Cooper,* for defendants.

BUTZEL, J. Lawrence Franks, plaintiff, was 10 years and 10 months of age on May 31, 1930, when he suffered the injuries on account of which he seeks to recover damages in the instant suit. At the time of the trial of the case, he was in the sixth grade in school, had missed no grades, and was an intelligent boy for his years. He testified that he had been warned and was fully cognizant of the dangers of street traffic and the precautions necessary to avoid them. Plaintiff and a slightly older lad, Albert Donovan, were among the several hundred people who attended a "medicine show" at the ball park at Munising, Michigan. About 10:30 p. m., at the conclusion of the performance, Lawrence and his companion left with the crowd and went to the west gateway of the park leading directly onto road US–28. The boys walked in a southerly direction along the easterly edge of the road for a distance of from 50 to 75 feet, when they started to cross to the westerly side of the road in order to reach the entrance to a pathway through the woods and thus take a short cut to their homes.

About the same time, Robert Woodward, accompanied by three passengers, had driven to the ball park in a large sedan car belonging to Woodward's brother James and driven with his consent. When the car approached the ball park, Robert Woodward discovered that the show was over and that the

people were leaving for home. He thereupon drove the car on US-28, also in a southerly direction. There seems no doubt but that he drove in a careless manner and at an unlawful rate of speed. The road, however, was absolutely unobstructed and the night was clear. There was nothing to obscure plaintiff's view of approaching vehicles on the road proper. Many cars of others attending the show were lined up on the side of the road near the park, and people were going to or already in their cars, preparing to drive home. The boys had taken but a few steps towards the middle of the road when Woodward's car, coming along at a rapid rate, struck Lawrence and inflicted very severe injuries, some of which may be permanent and cause serious consequences in the future.

Suit was brought against James and Robert Woodward, defendants, by Lawrence Franks by his next friend, Peter Franks, as plaintiff. Lawrence recovered a verdict of $3,000, but, on motion duly made, a judgment *non obstante veredicto* was entered in favor of defendants.

According to Lawrence's own testimony, he looked up and down the road just before starting to cross, but did not see defendant's car which was 12 to 20 feet away from him. His companion, who was alongside of him, did see the car and succeeded in getting out of its path. Another witness stated that the boys started to cross the road at a rapid rate when defendant's car was from 12 to 20 feet away from them and approaching them at a rapid rate. According to Robert Woodward's testimony, the lights on his car shed their reflection only 50 feet ahead of him. There is also testimony that one of the cars on the side was turned at an angle and had its lights on the road where the boys were crossing.

All the physical facts, however, when viewed in the light most favorable to plaintiff, show beyond any question that had Lawrence looked he could and must have seen the approaching car, and in that event with reasonable care he could have avoided the accident. See *Zoltovski* v. *Gzella,* 159 Mich. 620 (26 L. R. A. [N. S.] 435, 134 Am. St. Rep. 752); *Gibbs* v. *Dayton,* 166 Mich. 263; *Knickerbocker* v. *Railway Co.,* 167 Mich. 596; *Mollica* v. *Railroad Co.,* 170 Mich. 96 (L. R. A. 1917F, 118); *Henry* v. *Railroad Co.,* 189 Mich. 45; *Otto* v. *Railroad Co.,* 189 Mich. 463; *Britton* v. *Railway Co.,* 204 Mich. 217; *Halzle* v. *Hargreaves,* 233 Mich. 234; *Molda* v. *Clark,* 236 Mich. 277; *People* v. *Campbell,* 237 Mich. 424; *Kneebone* v. *Lake Superior District Power Co.,* 248 Mich. 403; *Zuidema* v. *Bekkering,* 256 Mich. 327.

Notwithstanding the negligence of the defendants, the trial judge had no other option but to enter a judgment in their favor on account of the contributory negligence of plaintiff. We are constrained to affirm the judgment, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, and WIEST, JJ., concurred. NORTH, J., did not sit.