NEWELL v. RITTER.

1. MOTOR VEHICLES — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — QUESTIONS FOR JURY.
   In action under survival act by administrator of estate of person fatally injured by defendants' car passing place where decedent was aiding disabled motorist, evidence *held*, sufficient to present matters of negligence and contributory negligence for consideration of jury (3 Comp. Laws 1929, § 14040).

2. SAME—DAMAGES—SURVIVAL ACT—FUTURE EARNINGS OF FARMER.
   In action under survival act by administrator of estate of prosperous farmer 67 years of age when fatally injured as result of motorist's negligence, facts *held*, sufficient to permit jury to allow such damages as they deemed reasonable; verdict of $2,500 indicating but small allowance for future earnings.

Appeal from Shiawassee; Collins (Joseph H.), J. Submitted June 7, 1934. (Docket No. 60, Calendar No. 37,827.) Decided September 18, 1934.

Case by Fern Newell, administrator of the Estate of Ovid Newell, deceased, against John and Arthur Ritter for personal injuries received when hit by defendants' automobile and resulting in death of plaintiff's decedent. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Seymour H. Person,* for plaintiff.

*Rodgers & Dunn,* for defendants.

BUTZEL, J. Fern Newell, administrator of the estate of Ovid Newell, deceased, brought suit against John Ritter, the owner, and Arthur Ritter, driver of an automobile that on the night of August

13, 1933, at about 2 a. m. struck plaintiff's decedent and caused injuries from which he died the following morning. Plaintiff's decedent was 67 years of age and just prior to the accident was traveling south with his daughter on highway M-47 in a car owned and driven by Orville Wakley, a neighbor. As they approached the northerly end of Maple river bridge about four miles from Owosso they discovered a disabled Ford that had collided with the bridge abutment at the northeast corner of the bridge. They first passed the Ford but seeing that it was in trouble, they returned to render assistance. Shortly thereafter another car, proceeding north, passed both the Wakley car and the disabled Ford and also stopped in order to help. The Wakley car was brought back and a chain attached to it was tied to the disabled Ford car. It became necessary, however, to move the Ford automobile into a proper position, and decedent and two others undertook to push it, decedent getting hold of the car at the left rear fender. Just at that time Arthur Ritter, driving the car of his father, John Ritter, had come around a curve about three-tenths of a mile distant from the bridge where the decedent and others were trying to move the Ford car. Witnesses testified that defendant's car was being driven at the rate of 50 miles per hour. This was denied and became a question of fact for the jury. However, immediately before the accident decedent was helping the others to push the car, standing at the left rear fender. In an instant defendant's car passed by. It came so close to the disabled Ford that one of the men assisting with decedent was obliged to jump upon the running board of the Ford for safety, and another, also helping, had part of his shoe cut off. Decedent was struck and knocked between the two

cars and was found a short distance away, badly broken up. He was immediately removed to a hospital, where he died six hours later. Suit was brought under the survival act (3 Comp. Laws 1929, § 14040). It is claimed that defendants were not guilty of negligence and that decedent must have stepped into the path of the oncoming car and thus was struck. The fact that he was seen immediately at the rear and alongside the disabled Ford car just prior to the accident, and the further fact that the two others just barely escaped injury on account of being alongside the Ford car, was sufficient to indicate how the accident occurred and it was proper to submit the question to the jury.

Error is claimed because the trial court instructed the jury to find as an element of damages the amount that the decedent probably would have earned during the balance of his life. Mortality tables were introduced to show the expectancy of life, but no figures were introduced as to the net earnings or wages of decedent. It was shown, however, that he was a prosperous farmer, strong, vigorous, and the owner of a 40-acre farm where he had four or five head of cattle and raised a good crop. He had also at times rented and cultivated an additional 40 acres. The difficulties of estimating the probable earnings has been frequently commented upon by this court. It is even more difficult when it becomes necessary to admeasure the earnings of a farmer who, as a rule, keeps no set of books to show his earnings or profits. From the facts presented, it was proper for the jury to allow such damages as they deemed reasonable in accordance with their common knowledge and experience. *Welch* v. *Ware,* 32 Mich. 77; *Silsby* v. *Michigan Car Co.,* 95 Mich. 204; *Mabrey* v. *Cape Girardeau &*

*Jackson Gravel Rd. Co.,* 92 Mo. App. 596 (69 S. W. 394).

Various objections were made to the charge of the court, and excerpts are quoted by appellant, but when the charge is taken as a whole it fully protected defendants' rights. The jury only awarded $2,500 damages, which indicates that but little was allowed for the future earnings of decedent.

Judgment for plaintiff is affirmed, with costs.

Nelson Sharpe, C. J., and Potter, North, Fead, Wiest, Bushnell, and Edward M. Sharpe, JJ., concurred.