MOORE *v.* COOK.

AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—EVIDENCE.
   Plaintiff, a girl 9 years and 8 months of age and in the fourth grade at school, who came in contact with defendant's car which was being driven with its lights on in a northerly direction on the east side of a through street as she walked easterly across the street at dusk north of an intersection *held,* guilty of contributory negligence as a matter of law.

Appeal from Wayne; Sprague (Victor D.), J., presiding. Submitted April 21, 1936. (Docket No. 105, Calendar No. 38,917.) Decided June 4, 1936.

Case by Constance Moore, by her guardian and next friend, Mildred Moore Bagwell, against William W. Cook, Bernice W. Cook and William A. Cook for personal injuries sustained when struck by automobile owned by defendant Bernice W. Cook. Verdict

for plaintiff.  Judgment for defendants *non obstante veredicto*.  Plaintiff appeals.  Affirmed.

*Edward N. Barnard,* for plaintiff.

*Arthur J. Adams* and *Jay T. Bell,* for defendants.

TOY, J.  Plaintiff brought this action to recover damages occurring when she was struck by the automobile of defendant Bernice W. Cook, while being driven by her minor son.  The accident occurred at dusk on December 23, 1931, while plaintiff was crossing 14th street, a north and south street in the city of Detroit, from the west to the east side thereof, some 10 or 15 feet north of its intersection with Buena Vista street.  The automobile was being driven north on 14th street at the time of the accident.  At the close of proofs, defendants moved for a directed verdict of no cause of action, for the stated reason that the proofs showed plaintiff to have been guilty of contributory negligence.  The trial court reserved its decision and submitted the case to the jury under the Empson act.*  The jury found for plaintiff.  Thereafter defendants moved for judgment *non obstante veredicto,* and again urged the contributory negligence of plaintiff as a ground therefor.  The court granted this latter motion.

Plaintiff appeals to this court and presents as the sole question for review, whether the trial court was in error in holding that plaintiff was guilty of contributory negligence as a matter of law.

As to both fact and law, we adopt the following from the opinion of the trial judge:

"The question of plaintiff's contributory negligence presents a very serious problem.  Manifestly

---

* See 3 Comp. Laws 1929, §§ 14531–14534.—REPORTER.

under any testimony in the case, plaintiff, had she maintained a proper lookout, could have seen defendants' car. It was being driven on the proper side of the street, approaching at a reasonable speed, its headlights shining. Plaintiff, at the time of the accident, was physically sound, bright and intelligent. She was then nine years and eight months old; she was in the fourth grade in school and, besides doing her school work, was being given dancing lessons to fit her for the stage. She had been taught at school the danger of vehicular traffic; she had been raised in the city, was familiar with street conditions generally and this street in particular, living only half a block away; she had sufficient experience and intelligence to understand and appreciate the danger of crossing the street in front of an approaching automobile and the necessity of maintaining a careful lookout and using her faculties in crossing the street; 14th street is a through north and south thoroughfare, much traveled, and is designated as a stop street for east and west vehicular traffic.

"Plaintiff says that she looked carefully north and south on the street before entering the street to walk—not run or hurry—across the street and there was no traffic approaching, that when she was in the middle of the street 'there was no traffic whatever— no cars approaching in either direction.' Indisputably, the car was there, its lights were shining, there was nothing interfering or preventing its being seen, there was nothing confusing or distracting plaintiff's attention, and, in law, plaintiff is charged with having seen it. *Molda* v. *Clark*, 236 Mich. 277.

"There are two theories in this case. The defendants' theory is that the plaintiff ran across the street to and against defendants' car and that the driver of defendants' car did not see and could not have seen with reasonable care plaintiff until immediately before the impact. Plaintiff's theory is that she walked across the street, after looking, and was hit by the right front of the car which she says she never saw.

Under either theory, the conclusion is unavoidable under the facts shown here that plaintiff was guilty of contributory negligence as a matter of law. * * *

"There are many cases in Michigan and elsewhere in line with this. We will refer only to a few:

" 'Plaintiff was nine years old when the accident occurred, had been attending school some four years, was a bright, intelligent lad raised in the city and familiar with street conditions, possessed of sufficient experience and intelligence to understand and appreciate the danger of attempting to run across the street in front of an approaching automobile. The conclusion is unavoidable under the facts shown here that he was guilty of contributory negligence as a matter of law.' *Apps* v. *Walters*, 216 Mich. 17, 20, and cases cited.

" 'Assuming negligence of the defendants, plaintiff was guilty of contributory negligence as a matter of law. That she testified to looking and seeing nothing is of no avail when the physical facts demonstrate that, had she looked, using ordinary care, she could and must have seen defendant's approaching car, and had she so looked, and so used ordinary care, she could have avoided injury.' *Molda* v. *Clark, supra.*

"See, also, *Neeb* v. *Jacobson*, 245 Mich. 678; *Richardson* v. *Williams*, 249 Mich. 350; *Siegel* v. *Detroit Cab Co.*, 246 Mich. 620, 631.

" 'Where,' quoting from the syllabus, 'in action by boy 10 years and 10 months of age for injuries inflicted when he was struck by defendants' automobile, evidence shows that, had he looked before attempting to cross the highway in front of defendants' car, he would have seen it approaching only 12 to 20 feet away, he was guilty of contributory negligence precluding recovery notwithstanding negligence of defendants.' *Franks* v. *Woodward*, 258 Mich. 447. * * *

"Under the cited cases and the facts in this case the conclusion is unavoidable that plaintiff was guilty of contributory negligence as a matter of law."

The judgment is affirmed, with costs to the defendants.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred. POTTER, J., took no part in this decision.