KRUKOWSKI v. ENGLEHARDT.

1. TRIAL—REQUESTS TO CHARGE—INSTRUCTIONS.

Refusal to give a requested instruction, even though it states the law correctly, does not constitute reversible error if it is substantially covered by the instructions given.

2. APPEAL AND ERROR—CHARGE REVIEWED AS AN ENTIRETY.

On review of error assigned for failure to give requested instructions, the charge must be considered in its entirety.

3. AUTOMOBILES—INSTRUCTIONS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE.

In pedestrian's action against taxicab owner for personal injuries she sustained when struck by defendant's taxicab at a street intersection, instructions as to negligence, contributory negligence and proximate cause *held*, to fairly present issues to the jury.

4. SAME—CONTRIBUTORY NEGLIGENCE—PEDESTRIANS—STREET INTERSECTIONS.

In action by pedestrian who was crossing east and west street and lacked but four or five feet from reaching curb at southeast, well-lighted corner at about 9:30 on a rainy night in March, when injured by defendant's taxicab which had been traveling southward on wider north and south street and made left turn onto narrower street, question of contributory negligence of plaintiff in failing to look backward when she observed traffic while in middle of street *held*, for jury and its verdict for plaintiff not against the great weight of the evidence.

Appeal from Bay; Houghton (Samuel G.), J. Submitted April 17, 1936. (Docket No. 142, Calendar No. 38,906.) Decided June 11, 1936.

Case by Pearl Krukowski against Chris Englehardt, doing business as Bay City Cab Company, for personal injuries sustained when struck at street

crossing by one of defendant's taxicabs. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Carl H. Smith,* for plaintiff.

*Knight, Mitts, Geddes & Land,* for defendant.

Edward M. Sharpe, J.   Plaintiff, Pearl Krukowski, began suit for damages growing out of an injury sustained in an automobile accident that occurred at the southeast corner of Washington avenue and Eleventh street in the city of Bay City. Washington avenue extends north and south while Eleventh street extends east and west.

Plaintiff produced evidence that on the 16th day of March, 1935, at about the hour of 9:30 in the evening, she and her husband were walking south on the east side of Washington avenue; that as they reached the north side of Eleventh street they looked both east and west and upon discovering the absence of traffic made their way across Eleventh street; that as they reached the middle of the intersection, they looked again and seeing no cars kept on walking until they reached a point about four or five feet north of the south curb line of Eleventh street where plaintiff was struck by a car owned by defendant and operated by his employee; and that it had rained earlier in the evening, but at the time of the accident it had ceased. The defendant claims that the driver of his cab had been driving south on Washington street and had come to a stop in the center of Eleventh street in order to complete a turn to go east on Eleventh street; that when he reached a point a few feet from the cross-walk he observed plaintiff and her husband running with heads down south across Eleventh street and directly in the path of

his cab and that he first saw them when they were five or six feet away from him; that he applied his brakes, stopped his car within three feet, but not in time to avoid the accident; and that at the time of the accident it was raining.

Washington avenue is a paved street 56.8 feet wide at the point of intersection while Eleventh street is 30 feet wide and unpaved. At the southeast corner of the intersection is located a gasoline station which was open and lighted at the time of the accident. The intersection was also lighted with street lights.

The cause was submitted to a jury which found in favor of plaintiff. Defendant appeals and contends that the trial judge erred in failing to give the following requested instructions:

"I charge you that the fact that an accident happened and plaintiff sustained injuries, does not entitle her to receive compensation from defendant for the same. Many accidents happen without fault of either party and cases in which both parties are partly to blame, and I charge you that if you find from the evidence that such is the case here, then you should bring in a verdict of no cause of action.

"I charge you that pedestrians crossing street intersections have a duty cast upon them to look carefully when crossing a street intersection for approaching automobiles in order to protect themselves. Automobiles have a right to cross street intersections the same as pedestrians and each must look out for the other.

"I charge you that there is no such thing in Michigan as comparative negligence and you should not compare or decide which was more negligent, the cab driver or the plaintiff; but if plaintiff, Pearl Krukowski, was guilty of any negligence at all which contributed to the accident, then I charge you to bring in a verdict of no cause of action.

"I charge you that if you find from the evidence that plaintiff ran across Eleventh street on the night in question without looking for approaching automobiles from the west, then she was guilty of contributory negligence as a matter of law and you should bring in a verdict of no cause of action."

From an examination of the entire charge as given by the trial court we are satisfied that the requested instructions were substantially given.

"The rule has long been established, by an unbroken line of judicial authority, that the refusal to give a requested instruction, even though it states the law correctly, does not constitute reversible error if it is substantially covered by the instructions given, or if everything in the requested instruction which the party is entitled to have given, has already been given by the court in other instructions." 14 R. C. L. p. 752.

See, also, *Parker* v. *England,* 266 Mich. 467; *Newell* v. *Ritter,* 268 Mich. 405; *Prentice* v. *Cornfield Wheel Co.,* 222 Mich. 170.

Moreover, the charge must be considered in its entirety. *Degens* v. *Langridge,* 214 Mich. 573; *Stehouwer* v. *Lewis,* 249 Mich. 76 (74 A. L. R. 844). We think the following instructions given by the trial court fairly presented the issues to the jury:

"This case is planted on the rules of negligence. Plaintiff comes into court on the claim that defendant was negligent, and because of defendant's negligence she was injured, that the negligence of the defendant was the proximate cause of her injury, and that she herself was free from any negligence which contributed to the injury. * * *

"There is another element, and that is that at intersections people all have duties to perform. A reasonably prudent person ordinarily, in crossing the street, in entering the intersection, would look

to see whether automobiles are coming. One who is able to see and hear, it is his duty to use his senses to determine if it is safe for him to do the thing he proposes to do. Now, you cannot walk up to an intersection and shift your eyes and walk out and get hit by an automobile and blame the automobile, because you have not done what you ought to have done; you should use your eyes and your good judgment, or the judgment that an ordinarily prudent person would exercise to avoid being hit. * * *

"Now, if the plaintiff has proved by a preponderance of evidence that she was free from negligence and was in the exercise of due care when she was injured, and she has proved that defendant's operation of his automobile was negligently operated, and that that negligence was the proximate cause of her injury, she is entitled to recover. If she has not proved both these elements she would not be entitled to recover, and that would end the case and your verdict would be a verdict of no cause of action.

"If either fails to do that they are guilty of negligence, and defendant claims plaintiff failed to exercise that degree of care, consequently she was guilty of negligence which contributed to the injury, and if so, no matter how negligent the driver of the taxicab may have been, she could not recover, because if she herself was guilty of any negligence which in any manner contributed to the injury she could not recover, because of the rules relative to cases of this character."

Defendant also contends that plaintiff was guilty of contributory negligence as a matter of law and cites *Molda* v. *Clark,* 236 Mich. 277, where we said:

"That she testified of looking and seeing nothing is of no avail when the physical facts demonstrate that, had she looked, using ordinary care, she could and must have seen defendants' approaching car, and had she so looked, and so used ordinary care, she could have avoided injury."

In the case at bar the jury having found for plaintiff must have accepted her theory that defendant's car traveling south on Washington avenue at a high rate of speed made a diagonal turn to the left, or east, on Eleventh street. Under such a theory, when plaintiff approached the middle of Eleventh street and saw no car approaching from the west the jury had some evidence upon which they could come to the conclusion that defendant's car approached from the northwest.

See *Tio* v. *Molter*, 262 Mich. 655, 661, wherein the court quotes with approval from 5-6 Huddy, Cyclopedia of Automobile Law (9th Ed.), § 84:

"One traveling along or crossing a street or highway is not necessarily required to look back for the approach of vehicles; if struck by an auto coming behind him, his negligence presents a jury question."

See, also, *Perkins* v. *Holser*, 213 Mich. 579; *Ottaway* v. *Gutman*, 207 Mich. 393; *Orme* v. *Farmer*, 268 Mich. 425.

In our opinion the question of whether or not plaintiff was guilty of contributory negligence was a jury question. Nor are we impressed with defendant's claim that the verdict was against the great weight of the evidence. It is evident that the jury believed plaintiff and her witnesses and we are not inclined to disturb their finding.

Judgment affirmed, costs to plaintiff.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, and TOY, JJ., concurred. POTTER, J., took no part in this decision.