LEVINE v. SCHONBORN.

Automobiles—Pedestrians—Contributory Negligence as Matter of Law—Jog in Street at Intersection.

Eastbound pedestrian on north side of street whose center line west of intersection was 55 feet north of center line east thereof *held,* guilty of contributory negligence as a matter of law as to injuries received when struck by defendants' taxicab which had approached from the west, made a left turn and proceeded at speed of 15 miles per hour at least 48 feet northward before striking plaintiff as she reached easterly curb at 10 o'clock in the evening, since the cab with its headlights lighted was plainly visible at her right and she failed to see the cab and take steps to avert an accident.

References for Points in Headnotes

5 Am Jur, Automobiles § 452.
Duty of pedestrian before crossing street to look for vehicles approaching on intersecting street. 9 ALR 1248; 44 ALR 1299.
Contributory negligence of pedestrian at street crossing as affected by statute or ordinance. 96 ALR 786.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted November 17, 1952. (Docket Nos. 102, 103, Calendar Nos. 45,580, 45,581.) Decided April 13, 1953. Rehearing denied June 8, 1953.

Separate actions of case by Bessie Levine and Jacob Levine against Lawrence Schonborn and Frank E. Sullivan for damages arising from Bessie Levine being struck by defendants' taxicab. Judgments for plaintiffs. Defendants appeal. Reversed without new trial.

*Meisner & Meisner,* for plaintiffs.

*Edward N. Barnard,* for defendants.

DETHMERS, C. J. The trial judge, sitting without a jury, found for plaintiffs, husband and wife, and judgment entered accordingly for damages resulting from injuries sustained by plaintiff Bessie Levine, hereinafter called the plaintiff, when she was struck by a taxicab owned by defendant Sullivan and operated by defendant Schonborn. Defendants appeal contending, *inter alia,* that the plaintiff was guilty of contributory negligence as a matter of law.

Plaintiff walked due east across a north and south street on a line north of its intersection with an east and west street, which, at that intersection, jogs so that its center line extending east from the intersection is 55 feet farther north than its center line running west from the intersection. She testified that before entering the street she looked both left and right and continued so to do while crossing, and that she saw no automobiles in either direction, except for 2 a couple of blocks distant which did not figure in the accident.

The cab approached the intersection from the west, turned left, proceeded north and struck plaintiff with

its right-front fender just as she had reached and placed one foot on the east curb. The time was 10 p.m., it was dark and the cab's headlights were lighted. The trial court found, in accord with plaintiff's claims, that, when the cab got into the east half of the north and south street, and headed north toward plaintiff's path, it was about 48 or 50 feet (defendants claim over 100 feet) south of plaintiff, directly to her right and approaching her at a rate of speed of 15 miles per hour. Plaintiff did not see the cab before it struck her.

Did plaintiff's failure to see the cab or do anything to avoid the accident constitute contributory negligence as a matter of law?

Plaintiffs' chief reliance is placed on *Krukowski* v. *Englehardt*, 276 Mich 136, in which the facts are strikingly similar to those at bar. A distinguishing feature, possibly occasioned in part by the jog in the intersection here which did not exist in *Krukowski*, is the court's acceptance, in that case, of the plaintiff pedestrian's theory that the automobile at no time approached her from either side, but, instead, struck her from the rear while it was making a diagonal crossing of the intersection. On the basis of that theory the court held that the question of the pedestrian's guilt of contributory negligence was one of fact and not of law, planting decision on the following quotation from 5-6 Huddy, Cyclopedia of Automobile Law (9th ed), § 84:

"One traveling along or crossing a street or highway is not necessarily required to look back for the approach of vehicles; if struck by an auto coming behind him, his negligence presents a jury question."

In the instant case defendants' claim of contributory negligence as a matter of law does not rest, as in *Krukowski,* on plaintiff's failure to look backwards for traffic approaching on the street intersecting that

which she was crossing, but, rather, on her failure to see the cab and to take steps to avert an accident during the entire time that it was approaching directly from her right for a distance of 50 feet at a rate of speed of 15 miles per hour. Consequently, *Krukowski* is not in point. Controlling are the cases, among many others, cited by defendants such as *Molda* v. *Clark,* 236 Mich 277; and *Franks* v. *Woodward,* 258 Mich 447, holding guilty of contributory negligence as a matter of law plaintiffs who fail to make proper observation to the right or left, or who, having looked, fail to see what is there plainly to be seen and who, in consequence, fail to act with ordinary care to prevent an accident. Plaintiff's failure to act and negligence were of precisely that description, barring the right to recover.

Reversed, without new trial. Costs to defendants.

ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.