## LAFFERTY v. LIPSON.

AUTOMOBILES — NEGLIGENCE — INTERSECTIONS — CONTRIBUTORY NEGLIGENCE.

> Trial court's findings that eastbound defendant motorist was negligent in striking right rear side of plaintiff's southbound car as latter was nearly through intersection and freedom of plaintiff from contributory negligence *held,* supported by testimony.

REID, DETHMERS, and KELLY, JJ., dissenting.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted January 12, 1954. (Docket No. 45, Calendar No. 46,042.) Decided April 14, 1954. Rehearing denied June 7, 1954.

Action by Robert Lafferty against Rose Lipson for damages resulting from automobile collision at an intersection. Judgment for plaintiff in common

REFERENCES FOR POINTS IN HEADNOTE
5 Am Jur, Automobiles §§ 287 *et seq.,* 431, 692, 715.

pleas court. Defendant appealed to circuit court. Judgment for plaintiff. Defendant appeals. Affirmed.

*Judson B. Robb,* for plaintiff.

*Erickson, Dyll, Marentay, VanAlsburg & Slocum (Walter P. Cynar,* of counsel), for defendant.

BOYLES, J. Plaintiff sued the defendant in the common pleas court of Detroit to recover damages arising out of an automobile collision. The case was heard by a judge of that court without a jury. According to the printed record filed here, as the settled record on appeal, the plaintiff was the only witness to testify. It fails to disclose that any testimony was taken on behalf of the defendant. At the close of said testimony, defendant moved for no cause for action on the ground that the plaintiff was negligent as a matter of law and that there was no showing that the defendant was negligent. The plaintiff also moved for a judgment in his favor. The common pleas judge who heard the case filed an opinion concluding that, taking the testimony in the light most favorable to the plaintiff, it showed that the defendant was negligent and that it did not show that the plaintiff was guilty of contributory negligence as a matter of law. The court entered judgment in favor of the plaintiff for $750 damages and $8.50 costs.

The defendant appealed to the circuit court where the case was heard by a circuit judge without a jury, based on the transcript of the testimony from the common pleas court. Insofar as disclosed here by the printed record, it consisted only of the testimony of the plaintiff. The circuit judge entered judgment for the plaintiff in accordance with the judgment in the common pleas court and the defendant appeals.

The testimony in the settled record here shows that the plaintiff was driving his automobile south on Holmur street in the city of Detroit about noon on October 29, 1950, and that he was involved in an intersection collision at Sturtevant street with an automobile driven by the defendant. He testified that he stopped for the intersection at Sturtevant, looked to the left first, then looked to the right, started up and looked again after he entered the intersection, that there was no automobile in sight in either direction, that he was going about 5 miles per hour and accelerated to about 10, and that when he was almost through the intersection his automobile was struck on the right rear side near the bumper by the defendant's car coming from his right on Sturtevant. He testified that it was coming fast, that he had not seen it before, that apparently it had turned out from a house about 60 to 100 feet distant on the south side of Sturtevant. There is nothing in the testimony here to indicate that the defendant's automobile was in sight coming from the west on Sturtevant when the plaintiff entered the intersection, where it came from or how fast it was traveling, except the plaintiff's testimony that it was coming "very fast" when it struck his car. The circuit judge in his opinion stated that "defendant herself admits that she was calling at her daughter's home with her car parked in front, a distance of some 70 or 80 feet from the intersection." Where the court found the basis for such statement does not appear in the record here which counsel have stipulated as the settled case on appeal.

The only testimony as to where the defendant's car could have been, either before or after plaintiff entered the intersection after stopping, was from the plaintiff himself, the only witness sworn. He testified:

"*Q*. What observation did you make?

"*A*. I looked to the east and to the west and to the south and there wasn't any vehicle at that particular time.

"*Q*. There were no moving vehicles?

"*A*. Not even coming south or north.

"*Q*. Was there any vehicle approaching the intersection?

"*A*. No moving vehicle of any kind on the street.

"*Q*. Did you make an observation?

"*A*. Yes.

"*Q*. What happened after you made the observation?

"*A*. After I made the observation, I concluded it was safe to make the crossing. There wasn't a soul on any street; east, west or coming south. I attempted to go across the crossing.

"*Q*. At the time you entered the intersection, at what rate of speed were you going?

"*A*. I was going no more than 5.

"*Q*. Do you remember if you had the car in which gear?

"*A*. First gear.

"*Q*. Then what happened?

"*A*. As I crossed the intersection, and was more than three-quarters through, the tail end of my right eye, I observed the car coming from the west side of Sturtevant.

"*Q*. Indicating coming from which direction?

"*A*. I would say from the south side of Sturtevant and apparently turned out from a house there. * * *

"*Q*. Mr. Lafferty, you testified that when you made an observation before approaching the intersection, there was no traffic in motion?

"*A*. None whatsoever. Not from 3 directions—not even a truck.

"*Q*. Having passed three-quarters of the distance through the intersection, did you observe any vehicle?

"*A*. Yes, I observed it coming from the west.

"*Q*. What observation did you make as to speed and appearance of the vehicle?

"*A*. The vehicle was coming, it seemed to be from the south side of Sturtevant at a good pace; like somebody had gunned the car."

The common pleas judge, in his opinion denying the defendant's motion for judgment at the close of the testimony, intimated that it would be incumbent on the defendant to show where her car was, that it was in sight. The court said:

"We would have to assume, for a directed verdict* in this case, that the car, not the defendant, was where it could be seen and I think it is incumbent on defendant to show us where the car was at all times prior to the accident. If the defendant shows us the car was there, where it could be seen, we are aware of the fact you should see that what is there to be seen. If the car was on the highway and coming to the intersection, it doesn't make any difference if the plaintiff didn't see it; he is guilty of contributory negligence; if it is there to be seen."

It should be kept in mind that this was said by the common pleas judge after the testimony of the plaintiff, above quoted. It was not a charge that the defendant had the burden of proving that the plaintiff was guilty of contributory negligence. On the contrary, it correctly indicated that unless the defendant showed that her car was in sight, plaintiff's testimony, that it was not, would stand uncontradicted. Perhaps part of the court's statement is open to misconstruction, unless considered in connection with the time in the trial when it was made—after the plaintiff's testimony.

At the conclusion of plaintiff's testimony in common pleas court, plaintiff's testimony supported the trial court's finding that it showed negligence by the

---

* For the defendant.

defendant and plaintiff's freedom from contributory negligence. Based on the transcript of plaintiff's testimony, in the printed record in this Court, the circuit judge did not err in affirming the denial of appellant's motion for a judgment of no cause for action at the conclusion of the plaintiff's testimony. The court properly entered a judgment for the plaintiff in accordance with the judgment entered in the common pleas court.

Affirmed. Costs to appellee.

BUTZEL, C. J., and BUSHNELL and SHARPE, JJ., concurred with BOYLES, J.

CARR, J., concurred in affirmance.

DETHMERS, J. (*dissenting*). Plaintiff testified that he did not see defendant's approaching automobile until he, the plaintiff, "was almost through the intersection." Defendant moved for a directed verdict on the ground of plaintiff's contributory negligence as a matter of law. The judge of the common pleas court, in his opinion denying that motion, stated, in effect, that if defendant's automobile had been shown to have been where plaintiff could have seen it approaching the intersection, then it would have been necessary, under the circumstances of this case, to hold plaintiff guilty of contributory negligence as a matter of law for failure to see it, but that, as a prerequisite to such holding, the burden of proof was on defendant to show where her automobile "was at all times prior to the accident" and to show that it had been where plaintiff could have seen it. That is an erroneous conception of the law. The burden was on plaintiff to establish his freedom from contributory negligence, *Yackso* v. *Bokulich,* 333 Mich 412, and to present proofs, including those relating to the respective locations of the 2 automo-

biles approaching the intersection, upon which determination thereof could be made. Defendant needed to prove nothing. For failure of plaintiff to sustain that burden of proof, defendant's motion should have been granted.

No proofs appear in the record here as to where defendant's automobile came from before entering the intersection. Assuming, as does Mr. Justice BOYLES and as testified by plaintiff, that it had "apparently turned out from a house" 60 to 100 feet distant from the intersection, plaintiff would, nonetheless, have been guilty of contributory negligence as a matter of law for failure to see defendant's automobile while it was approaching from plaintiff's right for that distance of 60 to 100 feet. In *Levine* v. *Schonborn,* 336 Mich 312, defendant's automobile entered an intersection from behind plaintiff and then turned left, thereafter approaching plaintiff, for a distance of 50 feet, from her right. We held her guilty of contributory negligence as a matter of law for failure to have seen defendant's automobile while it travelled those 50 feet. Here, indulging plaintiff's guess as to where defendant's automobile came from, plaintiff, at all events, had an opportunity to observe it travelling toward him for a distance of from 60 to 100 feet but failed to do so until too late. Under *Levine* v. *Schonborn, supra; Molda* v. *Clark,* 236 Mich 277; *Franks* v. *Woodward,* 258 Mich 447, and cases therein cited, plaintiff was guilty of contributory negligence as a matter of law, barring his right to recover.

The judgment should be reversed, with costs to defendant.

REID and KELLY, JJ., concurred with DETHMERS, J.