### ORTISI *v.* ODERFER.

1. AUTOMOBILES — PEDESTRIANS — CONTRIBUTORY NEGLIGENCE — FINDING OF TRIAL COURT—NONJURY CASE—PREPONDERANCE OF EVIDENCE.

> Trial court's finding of fact that plaintiff pedestrian was guilty of contributory negligence in nonjury action for personal injuries sustained while he was approaching far curb on left side of street when hit by defendant's car which had approached from plaintiff's right *held,* not against preponderance of evidence; the provisions of an ordinance according preferential treatment to a pedestrian who has started across a street with the traffic light in his favor not serving to cause the evidence to clearly preponderate against the finding of the trial court.

2. APPEAL AND ERROR—COMMON PLEAS COURT—FINDING OF FACT—EVIDENCE.

> The question on appeal from decision of a judge of the common pleas court in a nonjury case on a question of fact is whether there is competent evidence to support the determination made, not whether the circuit court or the Supreme Court would have made the same finding.

Appeal from Wayne; Targonski (Victor), J. Submitted June 5, 1958.   (Docket No. 29 Calendar No. 47,289.)   Decided December 2, 1958.

Case by Dominic Ortisi against John Herman Oderfer for personal injuries sustained when struck

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5A Am Jur, Automobiles and Highway Traffic § 761.
Right-of-way at street or highway intersections.   21 ALR 974, 37 ALR 493, 47 ALR 595.
Liability for accident at street or highway intersection as affected by reliance on or disregard of traffic sign, signal, or marking. 164 ALR 8.

by defendant's automobile. Trial in common pleas court for the City of Detroit resulted in judgment of no cause of action. Circuit judge ordered judgment entered for plaintiff in full amount of lower court's jurisdiction. Defendant appeals. Reversed.

*Joseph W. McDonnell,* for plaintiff.

*Ward, Plunkett & Cooney,* for defendant.

DETHMERS, C. J. This case was previously before this Court, our opinion being reported at 341 Mich 254. That appeal was from an order of the circuit court reversing judgment for defendant in the common pleas court for the city of Detroit and remanding to that court for new trial. The order was affirmed here by an equally divided Court. On retrial, accordingly, the judge of the common pleas court, sitting without a jury, again found for defendant. On appeal to circuit court the latter reversed the judgment below and ordered the case remanded for entry of judgment for the plaintiff in the full jurisdictional amount for which the lower court may enter judgment. Defendant again appeals here.

Considerably more testimony was introduced at the second trial than at the first concerning the conduct of the 2 parties. The record shows that plaintiff proceeded under protection of a green traffic light to cross a street at a crosswalk 120 feet in length along his left side of an intersection. When he had reached a point near the far curb he was struck by defendant's automobile, which had just passed through the intersection, approaching plaintiff from his right. There was testimony that the traffic light continued green in plaintiff's favor during the entire period, or nearly all of it, while he was crossing the street. There was also testimony

from which it might be concluded that the light had changed from green when the plaintiff was crossing car tracks at the center of the street. Plaintiff testified that he walked across the street at a normal gait. Other proofs were to the effect that he started to run at about the center of the street. Plaintiff testified that he made observations to right and left before entering upon the street, that he next looked to his right as he crossed the tracks but did not again look to his right and that thereafter he twice observed the light still green in his favor. He testified that he did not see defendant's automobile before it struck him. Defendant admitted that he failed to see plaintiff until it was too late to avoid the accident.

The question presented on this appeal is not whether plaintiff was guilty of contributory negligence as a matter of law. Neither does plaintiff contend, nor did the circuit court hold, that plaintiff was, as a matter of law, free from contributory negligence. Rather, the question presented by the holding of the circuit judge and briefed by the parties is whether the finding of the trial judge, sitting as a trier of the facts, was against the clear preponderance of the evidence. The record discloses a conflict of proofs touching the matter of plaintiff's conduct. A question of fact was presented concerning his contributory negligence. It was for the trial judge to determine which testimony should be believed, to draw conclusions therefrom, and then to determine what were the facts of the case. It cannot be said that the evidence clearly preponderates against a finding of fact that, under all the circumstances of the case, plaintiff's crossing the street in the manner in which the court might well have found from the proofs that he did and his failure to see defendant's approaching automobile and take steps to avoid the accident constituted contributory negligence. The

question is not whether the circuit court or this Court would have made the same finding of fact, but, rather, whether there was competent evidence to support it. *Kellar* v. *United Metal Products Co.,* 338 Mich 651.

Cases considering the relative rights and duties of plaintiff pedestrians and defendant operators of motor vehicles coming together at street intersections, cited by plaintiff, are: *Bartlett* v. *Melzo,* 351 Mich 177; *Douglas* v. *Holcomb,* 340 Mich 43; *Day* v. *Troyer,* 341 Mich 189; *Wisnaski* v. *Afman,* 341 Mich 453; *Bennett* v. *Hill,* 342 Mich 754. These are cases in which it was held that defendant was not entitled to a directed verdict on the grounds that plaintiff was guilty, as a matter of law, of contributory negligence. In each it was held that the question of plaintiff's contributory negligence was one of fact for the trier of the facts. None involved a holding that a finding of fact in favor of defendant was against the great weight or the clear preponderance of the evidence. It might be suggested that the existence of an ordinance in the case at bar, similar in effect to that in the case of *Bartlett* v. *Melzo, supra,* according preferential treatment to a pedestrian within a crosswalk and requiring vehicles to yield him the right-of-way, requires a result opposite to that reached by the trial court. The *Bartlett Case* did not hold, however, that because of the pedestrian's preferred position under the ordinance he must be deemed as a matter of law to have been free from contributory negligence, but only that the question of his contributory negligence was one of fact for the jury. It is so here. Provisions of the ordinance do not serve to cause the evidence to clearly preponderate against the finding of the trial court.

. Order of the circuit court reversed and judgment of the common pleas court affirmed, with costs to defendant.

CARR, KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.