SERLIN *v.* PACIFIC INDUSTRIAL FURNACE COMPANY.

CONTRACTS—MODIFICATION—CONTRACT PRICE.

> Judgment for plaintiff in an amount equal to the difference between a fixed contract price admitted and paid by defendant for the installation of two industrial furnaces and the amount demanded by plaintiff based entirely on time and materials was proper even though trial judge found properly that the parties had entered a modified contract calling for the fixed price plus extra costs caused by differences between the installation in suit and an earlier installation for the same fixed price, and not a pure time and materials contract, where the amount of the judgment was within the upper limits of the evidence of costs attributable to the differences in installation.

Appeal from Oakland, Templin (Robert L.), J. Submitted Division 2 April 2, 1968, at Lansing. (Docket No. 3,906.)   Decided November 29, 1968.

Complaint by Irwin I. Serlin against Pacific Industrial Furnace Company, a Michigan corporation, to recover upon a contract.   Judgment for plaintiff. Defendant appeals.   Affirmed.

*Charles Rubiner* and *Arthur James Rubiner,* for plaintiff.

*Griffin, Seely, Boyer & Gilleo,* for defendant.

REFERENCE FOR POINTS IN HEADNOTE
17 Am Jur 2d, Contracts § 458 *et seq.*

LESINSKI, C. J.   In 1963 and 1964, plaintiff Irwin Serlin, doing business as Serlin Electrical Service, installed the wiring for two furnaces at $2,100 each under a contract with defendant Pacific Industrial Furnace Company.   Defendant approved plaintiff's work, and when the job was near completion offered plaintiff an oral contract to install two additional furnaces at the same price.   The second contract is the subject of this litigation.

Before beginning work plaintiff realized that the wiring would be more costly because defendant wanted to use ducts instead of conduits and to place the furnaces further from the transformers.   Plaintiff later claimed that he protested immediately and that the fixed price oral contract was entirely replaced by a time and materials contract.   Defendant contended that when plaintiff balked at doing the more complicated wiring for the fixed price, the contract was modified so that the defendant would reimburse plaintiff for the added cost in time and materials.   Plaintiff billed defendant for $8,197.27 on a time and materials basis for the work done on the two new furnaces, and some other extras, but defendant paid only $5,046.63, the fixed contract price plus the charge for disconnect boxes and extras on other furnaces.   Plaintiff brought suit for the $3,150.64 difference between the time plus materials invoice and defendant's payment.

The circuit court first found that a valid oral contract existed which had been modified to provide reimbursement for the extra costs caused by the changes.   The court in its second finding of fact set the amount of such additional costs at $3,150.64 and awarded judgment to plaintiff.   Defendant's motion for remittitur or new trial was denied.   In this proceeding, defendant appeals both the judgment and the denial of his motion.

It is not the function of this Court to reverse findings of fact unless they are clearly erroneous. GCR 1963, 517.1; *Insurance Company of North America* v. *Iroff* (1967), 9 Mich App 151. The decision to reverse must be based upon a judgment that there is no competent evidence to support the findings of the lower court. *Ortisi* v. *Oderfer* (1958), 354 Mich 389.

Examination of the record shows ample evidence to serve as a basis for the circuit court's holding that the oral contract was merely modified and not replaced by a time and materials contract.

Sufficient evidence also was presented by plaintiff and defendant from which the court could properly find the amount due plaintiff. The two previously installed furnaces established a fixed contract price of $2,100 plus approximately $300 for disconnect boxes. The court could properly find that the only cost difference between installation of the two furnaces at issue and the above fixed price was the distance of the run, the use of square duct over conduit, and the attendant labor costs. The plaintiff presented basically uncontroverted evidence by way of an itemized statement of the cost of labor and materials. There was a showing of a difference in cost in what defendant was billed for certain items and what his opinion of actual cost was, such as the cost of 6 x 6 square duct. The record shows that the judgment of the trial court in determining the costs is within the upper limits of the evidence presented. On this point we will not substitute our judgment for that of the trial court.

The defendant argues that no specific showing was made of the extra cost of labor for the extra run or the net cost increase occasioned by the change in materials from conduit to 6 x 6 square duct. While this position would appear to have merit upon

first examination, it fails when the total of the evidence presented is considered.

Simple mathematics applied to the evidence, based on the court's finding, provides plaintiff's damages. Computation begins by taking the total of the billed charges for material and labor, then deducting the fixed contract price plus the cost of the disconnect boxes and the extra nonrelated work. The remainder is the balance due plaintiff under the amended contract. Since there was no showing of any change in labor costs or materials, efficiency or any factor other than those agreed upon, the balance under the evidence presented must represent the difference for the known extras. While it would have been much more specific if it were shown that to use conduit "installed" it would cost $1 per foot and to use 6 x 6 square duct "installed" it would cost $2 and the like, it cannot properly be said that the court was not in a position to determine the amount owing from the evidence presented.

The findings made by the trial court are supported by the record and must stand as they are not clearly erroneous.

Affirmed. Costs to plaintiff.

T. G. KAVANAGH and FOLEY, JJ., concurred.