## ALBRECHT *v.* PFEIFFER.

1. BILLS AND NOTES—ACCOMMODATION MAKER—CONSIDERATION.

   Plaintiffs' deceased who had paid defendants' note to bank by giving his own note to the bank and receiving collateral which defendants had deposited with the bank was not in the position of an accommodation maker of his note to the bank as he gave his note to the bank for a good consideration where the bank discharged defendants' note.

2. SAME—IMPLIED CONTRACT TO REIMBURSE MAKER—QUESTION OF FACT—MARRIED WOMEN.

   In action by estate of deceased who had paid the joint note of his daughter and her husband and received the collateral they had pledged with bank when he gave his own note to the bank, evidence *held*, to present a question of fact for jury as to whether daughter had impliedly promised to reimburse deceased, the fact that her husband may have done so not having resulted in abrogation of her defense of coverture.

3. HUSBAND AND WIFE—JOINT CONTRACT—AUTHORITY.

   A married woman would not, as a matter of law, by accepting benefits to her personal estate under her husband's agreement with another, become obligated as a joint obligor with her husband to such other person where it is not shown that the husband had authority to bind her.

4. SAME—JOINT CONTRACT—AUTHORITY OF HUSBAND—BURDEN OF PROOF—PRESUMPTIONS.

   The burden of showing the authority of a husband to bind his wife on a contract is upon the party asserting that authority was lodged in the husband, as he is not presumed to have such authority.

Appeal from Wayne; Keidan (Harry B.), J. Submitted June 5, 1941. (Docket No. 33, Calendar No. 41,602.) Decided September 2, 1941. Rehearing denied October 6, 1941.

Assumpsit by Walter G. Albrecht and others as coexecutors of the will of Albert A. Albrecht, deceased, against Robert A. Pfeiffer and Clara A. Pfeiffer, individually, and Clara A. Pfeiffer, coexecutrix of the will of Albert A. Albrecht, deceased, for the amount paid by deceased on a note of defendants. From verdict and judgment for plaintiffs against Robert A. Pfeiffer only, plaintiffs appeal. Affirmed.

*Armstrong, Weadock, Essery & Helm* (*Lyman B. Avery,* of counsel), for plaintiffs.

*Wm. Henry Gallagher* (*S. Reymont Paul,* of counsel). for defendants.

NORTH, J. Plaintiffs and defendant Clara A. Pfeiffer are the coexecutors named in the will of Albert A. Albrecht who died December 9, 1936. The three plaintiff executors, claiming that Clara A. Pfeiffer and her husband, Robert A. Pfeiffer, were indebted to the Albrecht estate, brought this suit in assumpsit. On trial by jury plaintiffs had verdict against defendant Robert A. Pfeiffer; but as to defendant Clara A. Pfeiffer, there was a verdict of no cause for action. Judgment was entered accordingly. For reasons hereinafter noted, plaintiffs have appealed from the portion of the judgment in favor of defendant Clara A. Pfeiffer.

On June 27, 1932, defendants Pfeiffer gave a renewal note for their indebtedness to a bank in the amount of $8,950. As collateral the bank held certain stocks which belonged to the Pfeiffers. When this renewal note fell due, July 27, 1932, Mrs. Pfeiffer's father, Albert A. Albrecht, paid it by giving his 90-day note in a like amount to the bank. At the same time, the bank, under an order signed

by the Pfeiffers, delivered to Albert A. Albrecht the stocks theretofore held as collateral to the note of Mr. and Mrs. Pfeiffer. Some of the stocks were owned individually by Mrs. Pfeiffer, some by Mr. Pfeiffer, and some jointly by the two. Incident to receiving these stocks Albert A. Albrecht, hereinafter designated as the deceased, signed and delivered to the Pfeiffers a receipt, identified in this record as Exhibit 6, for the various items of collateral wherein he acknowledged he held:

"all the above (listed) stock in trust as security for notes which I gave to the Peoples Wayne County Bank of Detroit, to protect a loan formerly assumed jointly by Robert A. and Clara A. Pfeiffer as follows: 1—Note $8,950; 1—Note $1,800; total loan from P. W. C. Bank, $10,750.

"Should it become necessary to sell any of the above stock, I will first advise Clara A. and Robert A. Pfeiffer before doing so, and also will keep a separate ledger to show dividends received and also moneys paid out for interest on notes and other items.

Witness: ROBERT A. PFEIFFER
              CLARA ALBRECHT PFEIFFER
                        Signed: ALBERT A. ALBRECHT
July 27th 1932"

Prior to his death the amount of Albert Albrecht's indebtedness to the bank was reduced by him to $2,460.59, payment of which was secured by a real estate mortgage on the home of deceased. A claim in the above amount was presented in behalf of the bank against the Albrecht estate and allowed in full.

On or before April 11, 1933, the deceased had sold all of the stocks to which reference is above made with the exception of one block concerning which there is no controversy. The proceeds of such sales were applied on the indebtedness or otherwise prop-

erly accounted for so that there seems to be no controversy between these litigants arising from the disposition made by deceased of the collateral stock, at least such is the fact so far as affecting the outcome of this appeal is concerned.

Fundamentally the theory upon which plaintiffs assert right of recovery on this appeal is indicated by the following quoted from their brief:

"The deceased's act in taking up the Pfeiffer's note by means of his own note was purely an accommodation for the Pfeiffers. The deceased was therefore an accommodation maker of Exhibit 2 (his note to the bank) and the relation of principal and surety existed between the Pfeiffers and him with respect to such accommodation.  *  *  *

"This suit is brought, and properly so, not on the paid note of the Pfeiffers,  *  *  *  but on the implied contract of reimbursement.  *  *  *

"It cannot be successfully maintained that the deceased was a mere volunteer, and recovery may not be resisted on that ground: The Pfeiffers are liable under that suretyship relation as having requested it or as having assented to or accepted it, as a matter of law."

Among the authorities cited by appellants in support of their contention is the following:

" 'A surety or accommodation maker on paying a note does not have a cause of action against a co-surety or the real maker of the note on the note as such, his remedy being on the implied contract of reimbursement.  (Citing authorities).

" 'In case of an accommodation indorsement the relation of principal and surety exists, and the surety has a right to pay the debt, thereby canceling the note and the liability of the maker thereon, and then bring his action on the implied promise, independent of the promise of the note, of the maker to reimburse him.'  5 Uniform Laws Annotated, p. 305, § 29, note 142."

In appellants' reply brief they state: "The suit is in assumpsit on the implied contract of reimbursement." Plaintiffs' declaration does not charge that Mr. Albrecht was an accommodation maker on the note which he gave to the bank. In fact and in law he was not an accommodation maker. Instead he gave his note to the bank for a good consideration, *i. e.,* the bank's discharge of the Pfeiffer note. The Pfeiffers were in no way parties to the Albrecht note. The transaction was no different in legal aspect than it would have been if Mr. Albrecht had paid the bank cash in satisfaction of the Pfeiffer note or provided the Pfeiffers with the money with which to pay their note. Plaintiffs' rights are not aided by their having called to the trial court's attention for the first time on their motion for a new trial that they were urging right of recovery on the theory of suretyship or accommodation maker. Appellants' contention that they were entitled as a matter of law to a directed verdict against both defendants, or in the alternative they should have been granted a new trial on the ground that as to appellee the verdict was contrary to the great weight of evidence, is not tenable.

The controlling question is whether appellee legally obligated herself to reimburse Mr. Albrecht for his payment to the bank of the Pfeiffer note. Among the numerous defenses urged by appellee is that of coverture. In his charge to the jury the trial judge clearly and properly instructed that to justify recovery against Mrs. Pfeiffer by plaintiffs they must establish by a preponderance of the evidence: (1) that either expressly or impliedly she obligated herself to reimburse deceased for his payment of the Pfeiffer note to the bank, and (2) that "some benefit resulted to her sole and separate property by reason of the payment of that note." And he further instructed the jury:

"Also where there are two defendants whose joint obligation has been paid, it is not necessary that each defendant personally request the paying party to pay the obligation, for the request may be made by one for himself and also as agent of the other defendant; *that is, if he had authority; and if the other defendant authorized such request to be made,* then such other defendant would be bound to repay the advance the same as though such defendant had made a personal and express request."

Plaintiffs submitted three questions to the jury which we quote:

"1. Was there an understanding, express or implied, between the deceased and the defendant Clara A. Pfeiffer, that the advances sued upon in this case were to be repaid by the defendants? (Answered 'No')

"2. Was there an understanding, express or implied, between the deceased and the defendant Robert A. Pfeiffer, that the advances sued upon in this case were to be repaid by the defendants? (Answered 'Yes')

"3. Was the deceased's act in paying the defendants' note, Exhibit 1, and in taking up the stocks which defendant Clara A. Pfeiffer had pledged with the bank to secure the payment of the defendants' note, a benefit to defendant Clara A. Pfeiffer in respect to those stocks? (Answered 'No')."

Our review of this record fully satisfies us that there was, under all the circumstances presented, a question of fact as to whether Mrs. Pfeiffer obligated herself to reimburse deceased. There is no testimony that she expressly so obligated herself. But appellants contend that Mrs. Pfeiffer as a joint obligor on the Pfeiffer note was bound by the arrangement her husband made with the deceased on the theory that "where two or more debtors are jointly liable, a request by one of them will be re-

garded as a request by all.'' We do not understand that the quoted law abrogates the defense of .coverture. Instead, under this record, we hold that whether an implied obligation was established by a preponderance of the evidence was a question of fact. The jury's answer to special question No. 1 above quoted is determinative of this issue, and is in accord with the general verdict.

Without timely or proper objection that the testimony was barred by the statute because equally within the knowledge of deceased,[*] or subsequent motion to strike, and in connection with the trial judge's statement to appellants' counsel that: ''You had better make your objections to the questions when asked,'' Robert A. Pfeiffer gave the following testimony:

''*Q.* Who had the dealings, so far as you know, that led up to this transaction involving the payment of this note at the bank?
''*The Court:* Dealings with whom?
''*Mr. Paul:* With the deceased.
''*The Court:* He may answer that.
''*A.* I did the transaction.
''*Q.* You did the transaction?
''*A.* Yes.
''*Q.* By that you mean you talked to Mr. Albrecht yourself?
''*A.* Yes.''

Over plaintiffs' objection that it was immaterial this witness further testified:

''*Q.* Therefore you presented papers to your wife for her signature?
''*A.* Yes.
''*Q.* And amongst those papers which you presented to her for her signature, was Exhibit 6?

---

[*] See 3 Comp. Laws 1929, § 14219 (Stat. Ann. § 27.914).
—REPORTER.

"*A.* Yes.

"*Q.* And that (Exhibit 6) is in your handwriting?

"*A.* Yes."

Merely because Mrs. Pfeiffer signed Exhibit 6 as a witness, and that she accepted or may have accepted a benefit to her personal and separate estate as a result of her husband having consummated the transaction with the deceased, would not under the circumstances here presented justify holding as a matter of law that Mr. Pfeiffer had authority to bind or obligate Mrs. Pfeiffer. Nor can it be held as a matter of law that by accepting the benefits, if any, she thereby ratified the transaction as one incident to which her husband was authorized to obligate her. Further, under the facts in this case, it cannot be held as a matter of law that there was an unrebutted implied obligation on the part of Mrs. Pfeiffer to reimburse her father for having paid the joint note of the Pfeiffers to the bank. The burden of showing the authority of Mr. Pfeiffer to bind Mrs. Pfeiffer was upon plaintiffs, the same as was the burden of proving every other essential element of their case.

"A married woman in this State can make no obligation except on account of her own property, and any one seeking to hold her must make out an affirmative case.

"There can be no presumption of a husband's authority to act for his wife, and a person seeking to hold her for acts done by another must show affirmatively full authority to bind her." *Fechheimer* v. *Peirce* (syllabi), 70 Mich. 440.

See, also, *West* v. *Laraway*, 28 Mich. 464; *Edwards* v. *McEnhill*, 51 Mich. 160.

Appellants do not claim, nor could they, that this record discloses any fact or circumstances in con-

sequence of which Mrs. Pfeiffer could be held liable on the ground of fraud, misrepresentation or estoppel. The issue of Mr. Pfeiffer's having been authorized to bind Mrs. Pfeiffer in the transaction which resulted in deceased paying the Pfeiffer note to the bank was one of fact. The jury found against plaintiffs, and their right of recovery against appellee was thereby adjudicated adversely to plaintiffs.

Plaintiffs' motion for judgment against appellee *non obstante veredicto* and their motion for a new trial were properly denied. In view of the above holding none of the other questions presented by appellants on this appeal would affect decision herein. The judgment entered in the circuit court is affirmed, with costs to appellee.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, STARR, WIEST, and BUTZEL, JJ., concurred.