### H. O. BRACKNEY & SON v. RYNIEWICZ.

1. HUSBAND AND WIFE—CONTRACTS—PRESUMPTIONS—BURDEN OF PROOF.

 The burden of showing the authority of a husband to bind his wife on a contract is upon the party asserting it, as he is not presumed to have such authority.

REFERENCES FOR POINTS IN HEADNOTES
[1] 26 Am Jur, Husband and Wife § 228.
[2] 26 Am Jur, Husband and Wife § 232.
[4] 53 Am Jur, Trial § 1071.
[5] 53 Am Jur, Trial § 1073.
[6] 9 Am Jur, Building and Construction Contracts § 151 *et seq.*
[7] 9 Am Jur, Building and Construction Contracts § 153.
[8] 14 Am Jur, Costs § 11.

2. SAME—QUANTUM MERUIT—LIABILITY OF WIFE.

Defendant wife *held,* not liable on a *quantum meruit* contract for labor and materials authorized by her husband in the building of a summer cottage and boathouse, where she had not given any directions or authorized any changes in its construction, hence, it was error to deny motion to dismiss construction contractor's action as to her.

3. CONTRACTS—ABANDONMENT—FINDING—EVIDENCE.

Evidence adduced in construction contractor's action against owner of summer cottage and boathouse *held,* to justify jury's finding that original contract for construction at a specific price had been abandoned.

4. TRIAL—SPECIAL QUESTIONS.

Special questions calling for a finding of fact must be conclusive of the real issue involved in the case in order to justify their submission to the jury.

5. SAME—SPECIAL QUESTIONS.

It was not error to deny submission of 2 special questions to jury where trial court submitted a third requested special question containing the same issue of fact.

6. WORK AND LABOR—CONSTRUCTION—PROFITS—TRADE CUSTOMS AND USAGES.

It was not error to submit to jury item of 15% profit in contractor's action against owner of summer cottage and boathouse for *quantum meruit,* where it appears that the custom of the trade is to include overhead costs of 15% to 20% in addition to cost of labor and materials to include wear and tear on tools, truck, gasoline used, taxes and insurance, as well as profit and cost of office expense.

7. CONTRACTS—INSTRUCTION TO JURY.

Instructions to jury in construction contractor's action against owners of summer cottage and boathouse that jury might find amount due as set forth in bill of particulars as modified during trial plus interest up to amount stated if it found original contract for construction at specific amount had been abandoned and original contract continued plus extras or a verdict of no cause for action *held,* not erroneous under record presented.

8. COSTS—FAILURE OF EITHER PARTY TO PREVAIL IN FULL.

No costs are allowed in action by construction contractor against defendant husband and wife, entirety owners of summer cottage and boathouse, where judgment against husband is affirmed and against wife is reversed as neither party has prevailed in full.

Appeal from St. Clair; Kane (Edward T.), J. Submitted June 7, 1956. (Docket No. 28, Calender No. 46,611.) Decided September 4, 1956.

Action by H. O. Brackney & Son, a copartnership, against Andrew A. Ryniewicz and Victoria Ryniewicz for sums due on *quantum meruit* on building operations. Verdict and judgment for plaintiff. Defendants appeal. Affirmed in part and reversed in part.

*Covington, Davidson & Osborn (Fred W. George,* of counsel), for plaintiff.

*Benedict & DePuy (Walter A. Kuck,* of counsel), for defendants.

SHARPE, J. This is an action to recover a claimed balance due on the basis of *quantum meruit* on the cost of building a summer cottage and boathouse for defendants.

In May, 1952, plaintiff entered into a written contract with defendant Andrew A. Ryniewicz to build a house for the sum of $18,063. The contract was based upon certain plans. About a week later a new contract was entered into for $19,000. This contract, like the first contract, was signed by Andrew A. Ryniewicz but not by his wife Victoria Ryniewicz. Construction of the house had been started when certain changes were directed to be made by Andrew A. Ryniewicz. The changes made consist, in part, of the following: foundation size of the house, addition of windows, flooring and ceiling, roof construction, electrical and plumbing outlets, conversion of back porch, addition to heating system, construction of a fireplace, and front porch. The changes made to the boathouse were as follows: raising the foundation to the double garage, widening of the door, as well as other changes.

· The bill of particulars filed by plaintiff is, in part, as follows:

| | |
|---|---|
| "Total Materials ................... | $11,674.68 |
| "Minus credits ...................... | 509.56 |
| | $11,165.12 |
| "Utilities .......................... | 2,670.14 |
| "Labor .............................. | 14,346.83 |
| "Overhead (15%) ................... | 4,227.31 |
| | $32,409.40 |

| | | |
|---|---|---|
| "Credits ............... | $12,000.00 | |
| | 270.00 | |
| | 238.64 | |
| | $12,508.64 | |
| | | 12,508.64 |
| | Balance due | $19,900.76" |

At the close of plaintiff's proofs, defendants' counsel made a motion to dismiss Victoria Ryniewicz as a party defendant for the following reasons:

*"Mr. DePuy*: At this time, your honor, I would like to move to dismiss this action as against Victoria Ryniewicz. There has been no mention of her in this case. There has been no proof of her entering into any contract or being involved in any way. She has not been shown to be present at any time when any conversation took place between Mr. Ryniewicz and the Brackneys, nor that she signed any contract or assented to any contract and I do not see how she can be held under any liability thereon."

The trial court took the motion under advisement[*] and later denied it and submitted the cause to a jury, who returned a verdict in favor of plaintiff in the sum of $18,293.14.

---

[*] See CL 1948, § 691.691 *et seq.* (Stat Ann and Stat Ann 1955 Cum Supp § 27.1461 *et seq.*).—Reporter.

Prior to the submission of the cause to the jury defendants' counsel proposed the following questions to be submitted to the jury:

"Do you find that Andrew A. Ryniewicz and Victoria Ryniewicz agreed with H. O. Brackney and Son to stop construction under the written contract for $19,000?

"Do you find that Andrew A. Ryniewicz and Victoria Ryniewicz agreed with H. O. Brackney and Son to stop construction under the written contract for $19,000 and to begin construction under an oral agreement?

"Do you find that Andrew A. Ryniewicz and Victoria Ryniewicz and H. O. Brackney and Son abandoned the written contract for $19,000?

The trial court refused to submit questions 1 and 2 but did submit question number 3. The jury answered question number 3 in the affirmative. Following the verdict of the jury defendants filed a motion for a new trial. This motion was denied, and defendants appeal.

In appealing, defendants urge that the court was in error in denying the motion to dismiss as to Victoria Ryniewicz. In discussing this claimed error we have in mind that defendants owned the property as tenants by the entireties and that Victoria Ryniewicz did not sign the building contract. Defendants rely upon *Lesher* v. *Brosteau,* 238 Mich 189, in support of their claim that the separate estate of Victoria Ryniewicz was not benefited by the construction of the building in question. In the above case at page 197 we said:

"The wife cannot be held liable, except for materials furnished with reference to her separate estate. The burden rested upon the plaintiff to show what materials, if any, were purchased in behalf of the separate estate of the wife."

In the case at bar Victoria Ryniewicz did not sign the contract. There is no evidence that she authorized her husband to act for her, nor proof that any materials were purchased in behalf of her separate estate.

The burden of showing the authority of a husband to bind his wife on a contract is upon the party asserting it, as he is not presumed to have such authority. See *Albrecht* v. *Pfeiffer,* 298 Mich 721. Moreover, there is no evidence that Victoria Ryniewicz gave any directions or authorized any changes in the construction of the house. Under such circumstances she cannot be held liable on a *quantum meruit* contract for labor and materials authorized by her husband. It follows that the trial court was in error in denying her motion to dismiss.

Defendant Andrew A. Ryniewicz also urges that plaintiff did not establish abandonment of the original contract for the construction of the house at a cost of $19,000. The question was submitted to the jury and they found that there had been abandonment. Some of the changes in the construction of the house have been previously mentioned. In our opinion there is competent evidence from which a jury could find that the original contract had been abandoned.

The rule followed by the Supreme Court in the submission of special questions that call for a finding of fact is that the special questions must be conclusive of the real issue involved in the case. See *Bennett* v. *Hill,* 342 Mich 754. In our opinion all 3 questions submitted to the trial court contained practically the same issue of fact. It was not error to deny the submission of questions 1 and 2 when question number 3 was submitted.

It is also urged that plaintiff was not entitled to recover profit and overhead in the amount of $4,227 on a *quantum meruit*. It appears that the custom of

the trade is to include overhead costs of 15% to 20% in addition to cost of labor and materials. Such cost often includes wear and tear on tools, truck, gasoline used, taxes, and insurance, as well as profit and the cost of office expense. There was evidence to show that this profit of 15% was reasonable. It was not error to submit this matter to a jury.

Defendants urge that the trial court was in error in stating to the jury:

"In this matter, ladies and gentlemen of the jury, there are 2 verdicts that you can return. If you find for the plaintiff, that is, for H. O. Brackney & Sons, you are entitled to find the amount due from the defendants as set forth in the bill of particulars as modified during the trial plus interest up to the amount of $18,293.14. However, that is based upon your finding an abandonment of the written contract for $19,000, as amended. If you find the contract has not been abandoned and the original contract has been continued, then you are to determine to an amount not to exceed $18,293.14 the value of the extra work, labor and materials furnished by the Brackneys to the defendants at the defendants' request. If you find that the plaintiff by his proof has not convinced you by a preponderance of the evidence, and if you find that they have been fully paid, fully satisfied for work, labor, materials furnished, then your verdict should be that of no cause for action."

Defendants' objection to the above charge is that the trial court suggests 1 of 3 verdicts that a jury could return. Under the above instructions the trial court informed the jury as to the nature of the verdict if the contract had been abandoned, or if it had not been abandoned, as well as instructing them that they could return a verdict in favor of defendants. We find no error in the instructions.

The judgment against Victoria Ryniewicz is reversed. The judgment against Andrew A. Rynie-

wicz is affirmed. No costs are allowed as neither party has fully prevailed.

DETHMERS, C. J., and SMITH, EDWARDS, BOYLES, KELLY, and CARR, JJ., concurred.

BLACK, J., took no part in the decision of this case.