MINKUS v. SARGE.

1. CONTRACTS—REMODELING OF BUILDING—EXTRAS—EVIDENCE.
   Finding of trial judge, in nonjury action for extras under
   written contract for remodeling and enlargement of building
   pursuant to architect's plans and specifications and plaintiffs'
   proposal as to 49 specific items that were incorporated in
   the contract by reference, that the agreement between the
   parties was for the furnishing of labor and materials for
   the 49 specific items definitely listed and not, as claimed by
   defendants, to other items referred to in the plans but with
   which plaintiffs were not concerned *held*, sustained by record.

2. SAME—CONSTRUCTION—AMBIGUITY.
   A contract must be interpreted against the party who prepared
   it in the event of ambiguity therein.

3. SAME—MODIFICATION OF WRITTEN CONTRACT—STATUTES.
   Parties to a written contract may thereafter modify it by parol,
   where the contract is not required to be in writing by statute.

4. SAME—EXTRAS—MODIFICATIONS—WAIVER OF REQUIREMENT AS TO
   WRITING.
   Provision of written contract for 49 specified items of construc-
   tion in connection with the remodeling of a building that the
   contract was not to be modified except in writing was waived,
   where it was recognized that alterations might be made therein
   by way of addition or omission, or otherwise, and proofs show
   that defendant was on the premises regularly and fully aware
   of what plaintiffs were doing pursuant to conversations between
   plaintiffs, defendant and the latter's architect with reference
   to extras not specified in the contract and statute did not
   require that contract be in writing.

REFERENCES FOR POINTS IN HEADNOTES
[2]  12 Am Jur, Contracts § 252.
[3]  12 Am Jur, Contracts § 427.
[4, 7, 9]  12 Am Jur, Contracts § 428.
[6]  53 Am Jur, Trial § 1123.
[8]  3 Am Jur, Appeal and Error § 900.
[10]  3 Am Jur, Appeal and Error § 1210 *et seq.*

5. APPEAL AND ERROR—WEIGHT OF EVIDENCE—FINDING OF FACT—
NONJURY CASE.

Trial court's finding with reference to various items of plaintiffs' claim for extras under written contract for remodeling of a building *held*, not contrary to the weight of the evidence adduced in nonjury case.

6. TRIAL—NONJURY CASE—QUESTIONS OF FACT—CREDIBILITY—INFERENCES.

The trial judge in a nonjury action has the duty of evaluating the testimony of each witness, drawing permissible inferences therefrom and of determining the issues in the light of applicable legal principles.

7. CONTRACTS—ALTERATION OF A BUILDING—WRITTEN CONTRACTS—
EXTRAS.

Plaintiff contractors substantiated their claims for extras under written contract as to alteration of a building in which it was specified plaintiffs were to perform 49 specific items, under evidence presented, notwithstanding fact that plans and specifications, incorporated in written contract by reference, involved other matters than those with which the 49 specific items were concerned.

8. APPEAL AND ERROR—NONJURY CASE—FINDING OF FACT—PREPONDERANCE OF EVIDENCE.

The Supreme Court does not reverse the finding of a trial judge on an issue of fact in a nonjury case, where the evidence does not preponderate against the holding of the trial judge.

9. SET-OFF AND RECOUPMENT—COUNTERCLAIM—DAMAGES FOR DELAY
—EXTRAS.

The trial judge's denial of defendant's counterclaim for damages for failure to perform written contract for alteration of a building within time prescribed therein *held*, not error, where caused in part by extra work entailed on plaintiffs by added labor involved in contributions to the project not covered by the original agreement.

10. APPEAL AND ERROR—REMAND—EXTRAS—ERRONEOUS COMPUTATION—JUDGMENT.

Case is remanded for entry of judgment based on correct computation of amount due, where entry of judgment for extras under written building alteration contract by trial judge had been based on an erroneous computation.

Appeal from Kent; Souter (Dale), J. Submitted April 5, 1957. (Docket No. 3, Calendar No. 46,868.) Decided June 3, 1957.

Action by George C. Minkus and Ernest G. Minkus, copartners doing business as George C. Minkus & Son, against Henry G. Sarge for sums due on building operations because of extras not included in written contract. Judgment for plaintiffs. Defendant appeals. Plaintiffs suggest correction of error in judgment. Remanded with directions to set aside judgment and enter judgment in corrected amount.

*Earl Waring Dunn,* for plaintiffs.

*Samuel H. Himelstein,* for defendant.

Carr, J. In May, 1953, the defendant was the owner of real property located in Wyoming township, Kent county. A part of the building located on the property had been used for the manufacture of aluminum products, said business being conducted by defendant. The latter acquired the balance of the property, previously occupied as a restaurant, and employed an architect for the purpose of preparing plans and specifications for remodeling said building. Plans were prepared and, following a discussion of the proposed improvements between defendant and the architect, the latter contacted plaintiffs who were conducting a business as building contractors.

Preliminary negotiations resulted in plaintiffs submitting a proposal for enlarging and remodeling defendant's building, said proposal being as follows:

"1. All that part east of the present north-south dividing wall (center wall of present building) will be on a cost of material and labor basis, plus 10%.

We will furnish all contractors equipment at no extra charge.

"2. All that part to the west of the present center wall, including the remodeling or alterations, wall removals, and new work will be on a contract basis, as follows:"

The proposal then set forth 49 specific items of work to be performed by plaintiffs, the price for each item being stated, for the aggregate amount of $7,250. Thereafter, by agreement between the parties, alterations were made as to certain items with the result that there was a net deduction of $50 from the total cost.

The proposal submitted by plaintiffs was satisfactory to defendant, who insisted, however, that his attorney prepare a written contract covering the agreement. This was done, and the written undertaking, executed by the parties under the date of May 19, 1953, recited defendant's ownership of the property in question, his desire to make changes in the existing building, and the fact that he had hired the services of an architect who had prepared plans and specifications for said work. Reference was also made to plaintiffs' proposal containing 49 separate items, and to the total cost thereof. Following such recitals the written agreement set forth that plaintiffs would remodel the existing building in a workmanlike manner "according to the plans and specifications of works and drawings of A. T. Benjamin, architect, and the proposal submitted in writing by the contractor." Said plans, on which the specifications were noted, and the proposal were both incorporated by reference in the contract and made a part thereof.

Plaintiffs proceeded with the project, and the specific items of work and material covered by the second part of the proposal were furnished with apparently satisfactory results. In accordance with

the terms of the contract, defendant made payments from time to time and the total sum so paid to plaintiffs exceeded the amount specified for the 49 specific items of labor and material to be furnished in the remodeling of the building west of the so-called center wall. Plaintiffs, however, claimed that in connection with their work under the contract they had furnished additional labor and materials constituting extras for which they were entitled to payment. It is not disputed that such labor and materials were furnished, but defendant denied any obligation on his part to pay therefor. In consequence, plaintiffs instituted the present action to recover.

On the trial before the circuit judge, hearing the case without a jury, proofs were introduced on behalf of plaintiffs establishing the various items for which they claimed the right to recover on the theory that they were extras under the contract. In certain respects the testimony of defendant was at variance with plaintiffs' proofs. The parties were also in disagreement as to the interpretation of certain provisions of the contract, defendant insisting in effect that most of the extras for which plaintiffs sought recovery involved labor and materials that they were required to furnish. The circuit judge after listening to the testimony determined the disputed factual issues in favor of the plaintiffs, and concluded also that the different items involved in their claim constituted extras under the contract. Judgment was entered accordingly in plaintiffs' favor, and defendant has appealed.

It is the claim of appellant that plaintiffs were obligated, under the contract as written, to make all changes west of the center wall of the original building that were noted on the plans of defendant's architect. There were no separate specifications but, as to many items of labor and material, notations

were made on the plans as prepared. In other instances such notations were omitted. Testifying on the trial the architect in question stated that he was employed by defendant to prepare plans to enlarge the building, and that defendant did not wish "the plumbing, heating, wiring, and painting included in the work." The witness claimed also that his instructions were to obtain bids for the construction part of the project. With reference to the plans the witness called attention to the fact that the locations of a dry well, a septic tank, and an oil storage tank were shown, but without any instructions with respect to any work to be done in connection therewith. This was explained by the statement that what was set forth on the plans was intended as information for the plumber.

It thus appears from the testimony of defendant's architect that the so-called plans and specifications contained references to matters with which plaintiffs were not concerned. Furthermore, if defendant's contention were to be accepted the result would be to greatly enlarge the scope of the work assumed by plaintiffs over the specific items listed in their proposal on which plaintiffs relied in the trial court as well as on this appeal. It thus appears that some confusion resulted from the fact that defendant's attorney in preparing the contract incorporated therein the architect's plans and specifications and, likewise, plaintiffs' proposal. The trial judge concluded that the agreement was for the furnishing of labor and material for the 49 specific items definitely listed. We are in accord with his holding in this regard. It finds support in *Quisle* v. *Brezner,* 212 Mich 254, where a somewhat analogous question arose. See, also, 17 CJS, p 731. The rule is well settled that in case of ambiguity a contract must be interpreted against the party who prepared it. *Lippman* v. *Hunt,* 249 Mich 86; *Michigan Chandelier*

*Co.* v. *Morse,* 297 Mich 41; *Detroit Trust Co.* v. *Mason,* 309 Mich 281; *Bonney* v. *Citizens' Mutual Automobile Insurance Company,* 333 Mich 435.

The written contract into which the parties entered provided that alterations might be made by way of addition or omission, or otherwise, by order of the owner in writing, such alterations to be carried out under the direction and to the satisfaction of the architect. It thus appears that the parties recognized that additional work might be required from time to time in the carrying out of the project, but it is the claim of the appellant that plaintiffs were not justified in performing work as an extra unless ordered by him in writing. It is further claimed that there was no waiver of this provision. With such contention we are unable to agree. That the parties had the right to modify the original arrangement by parol is not open to question, the contract not being one required by statute to be in writing. Such right was recognized in *Banwell* v. *Risdon,* 258 Mich 274, the Court further pointing out that the burden rested on the party claiming a subsequent verbal agreement to establish the fact. Of like import is *Morley Brothers, Inc.,* v. *F. R. Patterson Construction Co.,* 266 Mich 52.

In the instant case the proofs of plaintiffs indicated that the details of the work as it proceeded were matters of frequent conversation between plaintiff George C. Minkus, the defendant, and the architect. It further appears in evidence that defendant was on the premises regularly, and that he was fully aware of what plaintiffs were doing. Whether he held the architect out as having authority to bind him by agreements for extras need not be determined for it is apparent that defendant's conduct was such as to indicate both knowledge of what was being done and acquiescence on his part therein. The record further suggests that counsel

for defendant on the trial did not dispute that certain items of labor and material were extras, although it may be doubted if any admission as to the amount of recovery was made. Plaintiff George C. Minkus also testified that as to one of said alleged extras, the rebuilding of a pilaster, defendant verbally made the request, stating at the time that it would be an extra. Such statement, if made, is scarcely consistent with the claim that there was no waiver of the provision of the contract with reference to requiring orders for extras to be in writing. The trial judge, after listening to the testimony of the parties to the case and their witnesses, determined the issue as to waiver in favor of the plaintiffs. On the record before us we see no reason to disagree with the conclusion.

The claim is also made that the finding of the trial judge with reference to the various items of plaintiffs' claim was contrary to the weight of the evidence. However, it rested with the judge as the trier of the facts to evaluate the testimony of each witness, to draw permissible inferences therefrom, and to determine the issues in the light of controlling legal principles. Interpreting the contract as above indicated, that is, as providing for 49 specific items for the furnishing of labor and material in that portion of the project west of the then-existing center wall, it is a fair conclusion from the record that additional items of labor and material constituted extras for which plaintiffs were entitled to recover.

Discussing each item in detail would serve no useful purpose. Typical is the claim based on the removal of a septic tank on the premises and the establishing of a so-called septic field. For such item a charge somewhat in excess of $600 was made. It was apparently the position of counsel for defendant on the trial of the case that the preparation of the septic field was an extra but that, because of the

plans indicating the location of the septic tank, it was the duty of plaintiffs to move it without charge. The answer to such claim is that the contract did not require plaintiffs to perform such work or to procure a third party to do so. As the architect indicated in his testimony, it was not intended that plaintiffs' work should be concerned with plumbing or heating. Similar considerations prevail with reference to the oil tank. It further appears that plaintiffs did work on a hoist that was not within the scope of their proposal, that defendant procured glass blocks to be installed by plaintiffs, which they did, that defendant also had delivered to the project a quantity of celotex for use on a ceiling, involving additional labor on the part of plaintiffs, that a new roof was installed on so-called Unit No 2 in addition to repairing the roof referred to in the record as Unit No 1, and that other items for which plaintiffs sought recovery were of like character. They were designed to remodel the building in accordance with defendant's desires, and they were not covered by the contract.

Counsel for appellant has called attention to *Baxter Brothers* v. *Mary Free Bed Guild of Grand Rapids,* 343 Mich 578. There plaintiffs' claim for extras was denied by the circuit judge and this Court affirmed, it appearing that no officer of the defendant corporation had knowledge that plaintiffs had furnished any item of labor or material as an extra for which defendant might be liable outside the plaintiffs' agreement with the general contractor. It further appeared that plaintiffs kept no records to show what part of their work was done under their agreement with the general contractor, the cost of that part, or the cost of what they claimed was done outside of the general contract. Facts there involved are not analogous to those in the case at bar. It may not be said here that the evidence preponder-

ates against the holding of the trial judge as to the facts. Such being the case we do not reverse. *Vannett* v. *Michigan Public Service Co.*, 289 Mich 212; *In re Karch's Estate*, 311 Mich 158.

The contract between the parties referred to the fact that a portion of the building to be remodeled was in the possession of a third person, who had agreed to vacate on or before June 17, 1953. It was provided that the work contemplated by the contract should be completed within 1 calendar month from the time when full possession should be given. Defendant claims that this provision of the agreement was breached, and that there was a delay of some weeks before plaintiffs fully completed the project. Based on such claim defendant interposed a counterclaim asserting his right to recover damages against plaintiffs arising from the delay. The trial judge found in this respect that defendant had failed to establish his claimed damages, and that the delay was fairly attributable to both parties. In considering such question it is obvious that the extra work entailed on plaintiffs by the added labor involved in contributions to the project not covered by the original agreement must be given consideration. We do not find that the trial judge was in error in rejecting defendant's counterclaim.

Judgment was entered in the trial court in the sum of $4,010.93, with costs to be taxed, the amount thereof being based on the trial judge's computation of the amount due as indicated by plaintiffs' exhibit 17. Said exhibit was revised in exhibit 14 which is claimed to have been a final listing of the items of recovery to which the plaintiffs were entitled. It is conceded that because of the error in computation judgment should be entered for plaintiffs in the sum of $3,758.42, instead of in the sum found by the court. The case is therefore remanded to the circuit court with directions to set aside the

judgment as entered and to substitute therefor a judgment in the corrected amount.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, VOELKER, KELLY, and BLACK, JJ., concurred.