DAULT *v.* SCHULTE

1. CONTRACTS—ABANDONMENT—INTENTION.

   The abandonment of a contract is a matter of intention; it need not be expressed, but may be inferred from the conduct of the parties and the attendant circumstances.

2. CONTRACTS—ABANDONMENT—INCONSISTENT ACTS—ACQUIESCENCE.

   A contract will be treated as abandoned where one party acquiesces in the other party's acts which are inconsistent with the contract.

REFERENCE FOR POINTS IN HEADNOTES
[1–6] 17 Am Jur 2d, Contracts § 484.

3. CONTRACTS—ABANDONMENT—INCONSISTENT ACTS—ACQUIESCENCE.

Acquiescence by plaintiff-contractor in defendant's change of contract plans which were inconsistent with their written contract constituted abandonment of the contract.

4. CONTRACTS—ABANDONMENT—BURDEN OF PROOF.

The burden of proving abandonment or modification of a written agreement rests upon the party asserting abandonment.

5. CONTRACTS — ABANDONMENT — EVIDENCE — CONTRACT CHANGES — COSTS OF CHANGES.

Evidence of contract changes and their costs is, as a general rule, by necessity admissible to show modification or abandonment of the contract, because the party asserting modification or abandonment must be permitted to introduce evidence to substantiate his position.

6. CONTRACTS—ABANDONMENT—EVIDENCE—TIME AND LABOR COSTS.

Time and labor costs incurred by plaintiff contractor after he had acquiesced in, and had carried out, defendant's changes in their written contract were properly admitted to show modification or abandonment of the contract.

Appeal from Presque Isle, Philip J. Glennie, J. Submitted Division 3 March 3, 1971, at Grand Rapids. (Docket No. 9391.) Decided March 25, 1971.

Complaint by Harold Dault against Anastasia Schulte for labor and materials furnished. Counterclaim by defendant. Judgment for plaintiff. Defendant appeals. Affirmed.

*Jason, Wenzel & Kowalski* (by *Douglas K. Wenzel*), for plaintiff.

*Charles C. Menefee,* for defendant.

Before: FITZGERALD, P. J., and HOLBROOK and BRONSON, JJ.

Holbrook, J. This is an appeal as of right from a judgment, entered after a nonjury trial, for the plaintiff in the amount of $3,123.95 for labor and materials.

In January 1968, plaintiff, a self-employed builder, entered into an oral agreement to construct a tavern for the defendant. Work commenced on the tavern that same month and defendant advanced plaintiff $500 at that time. On February 2, 1968, the parties entered into a written agreement for the construction of the bar for the price of $38,564.24.[1] During the period from February 8, 1968 through June 28, 1968, defendant paid plaintiff some $43,-000, substantially more than the total amount stated in the contract. These sums were paid because of oral changes made in the contract by the parties.

---

[1] "DATE 2–2 1968

\*     \*     \*

"It has been agreed that I, Harold Dault, build said bar for Mrs. Anthony Schulte at the price of $38,564.24.

"With the understanding that a third be paid when the building is started and half when the building is half done and the bal. when the building is completed.

"There is one exception that the wash tanks, stoles, chairs and tables and utensils be bought and paid for by Mrs. Schultes son Tony.

| "Signed   Harold Dault | |
| "Signed   Mrs. A. Schulte | |
| "Furnace | $ 2,400.00 |
| "Well   (estimate) | 500.00 |
| "Septic Tank | 600.00 |
| "Cooler   installed | 3,000.00 |
| "Fill | 3,365.00 |
| "Sub Floor | 1,837.63 |
| "Block, Mortar & Sand | { 2,191.20 |
|  | { 1,331.24 |
| "Roof & Interior | 5,614.17 |
| "Finish Floors | 1,250.00 |
| "Dance Floor | 300.00 |
| "Labor | 11,000.00 |
| "Windows & Doors | 600.00 |
| "Bar | 800.00 |
| "Basement Floor & Toilets | 1,200.00 |
| "Plumbing & Wiring & Lights | 2,575.00 |
|  | ———— |
|  | 38,564.24" |

Plaintiff's records indicate that his costs during this period of time were $48,394.08.     In July 1968, defendant refused to pay plaintiff any sums in addition to the $43,000 and plaintiff then refused to proceed.   Defendant paid other parties to complete the work.

Plaintiff sued defendant to recover $5,394.08 ($48,394.08 minus $43,000).   Defendant counterclaimed for $6,546 for damages sustained in completion costs.   The trial judge found that the parties had, due to various changes in the contract, in effect abandoned that contract and that plaintiff was entitled to the claimed $5,394.08, less $2,270.13 that defendant was allowed on her counterclaim, or $3,123.95.

In the instant case, the following items were established as being in addition to the contract: variations in mode and amount of payment, the addition of the basement banquet room, the basement ceilings, the basement fireplace, and the finishing of the basement and the power line.

It is stated in 17 Am Jur 2d, Contracts, § 484, pp 954, 955:

"The abandonment of a contract is a matter of intention to be ascertained from the facts and circumstances surrounding the transaction from which the abandonment is claimed to have resulted.   An abandonment of a contract need not be express but may be inferred from the conduct of the parties and the attendant circumstances.   A contract will be treated as abandoned when acts of one party, inconsistent with the existence of the contract, are acquiesced in by the other party.

"Abandonment of a contract is a mixed question of law and fact; what constitutes an abandonment is a matter of law, and whether there has been an abandonment is a question of fact."

Here there were a number of "acts of one party, inconsistent with the existence of the contract", that were "acquiesced in by the other party". There was testimony in the record to the effect that the defendant visited the job site nearly every working day. Further, that the defendant proceeded to change the plans as contained in the contract from time to time in accordance with her desires. This constituted evidence of acts which were inconsistent with the contract. The plaintiff acquiesced and proceeded in accordance with the directions given him by the defendant.

Defendant claims that the finding of the lower court that the contract had been abandoned was in error and that certain evidence as to plaintiff's time and labor costs were erroneously admitted.

Plaintiff contends that when a contract is claimed to have been abandoned or deviated from, evidence is properly admitted for purposes of explanation.

In the instant case, the plaintiff below was trying to prove abandonment or modification of the written agreement. The party claiming such a change has the burden of proving it. *Bishop Electric, Inc.,* v. *Simpson* (1967), 7 Mich App 391. Generally, evidence of changes in the contract, and their costs, is by necessity admissible to show the modification or abandonment of the contract. See *Minkus* v. *Sarge* (1957), 348 Mich 415. Indeed, when the burden is put on the party to introduce evidence to show a change in the contract, he must be permitted to introduce evidence to substantiate his position. It thus appears that the lower court was correct in admitting the contested evidence.

After a careful review of the record, we are satisfied that there was competent evidence to support the factual finding of the trial court that there had been an abandonment of the contract. *H. O. Brack-*

*ney & Son* v. *Ryniewicz* (1956), 346 Mich 404. We are further persuaded that the contested evidence concerning the changes in the contract which resulted in the determination that the contract had been abandoned and the cost to the plaintiff of building the bar were properly admitted. *Minkus* v. *Sarge, supra.* There is no showing that the lower court ruling was clearly erroneous so as to require our reversal. GCR 1963, 517.1.

Affirmed. Costs to plaintiff.

All concurred.